IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORIO C. FUNTANILLA,

    Plaintiff,                    No. CIV S-02-1157 LKK GGH P

    vs.

KAREN KELLY, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action is set for trial before the Honorable Lawrence K. Karlton on January 15, 2008. Pending before the court is plaintiff's July 25, 2007, application to proceed in forma pauperis. On July 30, 2007, defendants filed objections to this application. For the following reasons, plaintiff's application is denied.

        Plaintiff filed the original complaint and an application to proceed in forma pauperis on May 28, 2002. This action was referred to the undersigned by Local Rule 73-302 pursuant to 28 U.S.C. § 636(b)(1). Local Rule 73-302 authorizes the undersigned to address non-dispositive motions by order.

        On July 15, 2002, this court found that plaintiff had three prior strikes pursuant to 28 U.S.C. § 1915(g). Based on this finding, the court denied plaintiff's request to proceed in

forma pauperis and granted him thirty days to pay the filing fee.[1]  The court warned that if plaintiff did not pay the filing fee, it would recommend dismissal of the action.  On July 25, 2002, plaintiff paid the filing fee.

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case."  United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000).  This doctrine has developed to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."  18B Wright, Miller & Cooper, Federal Practice and Procedure; Jurisdiction 2d § 4478, at 637-38 (2002).

A court has discretion to depart from law of the case only where 1) the first decision was clearly erroneous; 2) there has been an intervening change of law; 3) the evidence is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

The first decision denying plaintiff's request to proceed in forma pauperis because he had three strikes pursuant to 28 U.S.C. § 1915(g) was not clearly erroneous.  There has been no intervening change in the law that would justify departing from the original order.  No substantially different evidence or other changed circumstances exist that warrant departing from the original order.  Finally, this court does not find that a manifest injustice would result if it did not grant the present request to proceed in forma pauperis.  Accordingly, based on the law of the case doctrine, plaintiff's application to proceed in forma pauperis is denied.

/////

/////

/////

---

[1] In the context of the Prison Litigation Reform Act (PLRA), an order denying a request to proceed in forma pauperis is not dispositive as it does not dismiss the case.  Therefore, on July 15, 2002, the court appropriately denied plaintiff's application to proceed in forma pauperis by order.

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's July 25, 2007,
2  application to proceed in forma pauperis is denied.
3  DATED:  8/6/07                              /s/ Gregory G. Hollows
4                                              UNITED STATES MAGISTRATE JUDGE

6  fun1157.ifp