IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORIO C. FUNTANILLA,

      Plaintiff,                No. CIV S-02-1157 LKK GGH P

   vs.

KAREN KELLY, et al.,

      Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a further trial confirmation hearing on February 25, 2008. The following matters are before the court.

<u>Plaintiff's Objections to Pretrial Order</u>

        On October 29, 2007, plaintiff filed objections to the July 27, 2007, pretrial order. Plaintiff first objects to disputed factual issue no. 14 which states, "Whether in November 1999 defendant Holliday violated plaintiff's right to due process by issuing a rules violation report falsely charging him with conduct which could lead to violence or disorder." Plaintiff states that in his complaint, he is making a retaliation claim against defendant Holliday based on the issuance of this rules violation report rather than a due process claim. <u>See</u> Complaint, ¶ 45. Good cause appearing, disputed fact no. 14 is amended to reflect that plaintiff is making a

retaliation claim against defendant Holliday.

Plaintiff also objects that the pretrial order does not include as disputed facts his claims that defendants Stiles, Walker and Rianda violated his Eighth Amendment rights by failing to provide him with single cell status. After reviewing the complaint, the court finds that plaintiff's objection has merit. Accordingly, the pretrial order is amended to include a disputed fact regarding whether defendants Stiles, Walker and Rianda violated plaintiff's Eighth Amendment rights by failing to provide him with single cell status.

Inmate Witnesses

On October 18, 2007, plaintiff filed briefing in support of his request for inmates witnesses. Plaintiff requests nine inmate witnesses. The court does not have the resources to transport nine inmates witnesses to trial. Plaintiff may call four inmate witnesses. Accordingly, at the further trial confirmation hearing plaintiff shall inform the court which four of his inmate witnesses he intends to call at trial.

Plaintiff's Exhibits

On September 14, 2007, the court ordered plaintiff to file a list specifically identifying his trial exhibits on or before October 19, 2007. The court ordered plaintiff to serve defendants with his exhibits by this date as well.

On October 17, 2007, plaintiff filed a pleading stating that he could not comply with the September 14, 2007, order because certain documents were missing from his legal property. On November 28, 2007, the court ordered defendants to provide plaintiff with the missing documents within fifteen days. The court ordered plaintiff to file his exhibit list and serve defendants with his exhibits within ten days thereafter.

On December 11, 2007, defendants filed a notice of compliance with the November 28, 2007, order. On December 26, 2007, defendants filed a motion to exclude plaintiff's exhibits. Defendants state that although plaintiff provided them with a list of exhibits on December 26, 2007, plaintiff stated in a cover letter than he intended to add more exhibits.

Defendants argue that because plaintiff did not provide a complete list of exhibits, he should be precluded for offering any exhibits.

On January 2, 2008, plaintiff filed his list of exhibits. The court presumes that this is the same list of exhibits received by defendants on December 26, 2007.

The court has not received a motion to supplement the exhibit list from plaintiff. Until the court receives such a motion, it cannot determine whether such a motion has merit. Accordingly, defendants' December 26, 2007, motion to exclude plaintiff's exhibits is denied. At this time, plaintiff may offer as exhibits those documents listed in his January 2, 2008, pleading.

On January 22, 2008, plaintiff filed a notice stating that defendants had not complied with the November 28, 2007, order because the documents he received were incomplete. Pursuant to the mailbox rule, this pleading was filed January 16, 2008.

Pursuant to the November 28, 2007, order, plaintiff's objections to defendants' December 21, 2007, notice of compliance should have been filed within ten days of that date. Accordingly, because plaintiff's objections are not timely, they are disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. The pretrial order is amended as discussed above;

2. Plaintiff's request to call nine inmate witnesses, contained in his October 18, 2007, witness list is denied; plaintiff may call four inmate witnesses; plaintiff shall identify these inmate witnesses at the further trial confirmation hearing;

3. Defendants' December 26, 2007, motion to exclude plaintiff's exhibits is denied.

DATED: January 30, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT