IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORIO FUNTANILLA, JR.,

      Plaintiff,                  No. CIV S-02-1157 LKK GGH P

     vs.

KAREN KELLY, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are cross-motions for partial summary judgment. For the following reasons, the court recommends that plaintiff's motion be denied and defendants' motion be granted.

II. <u>Summary Judgment Standards Under Fed. R. Civ. P. 56</u>

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings,

> depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the

nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On January 20, 2004, the court advised plaintiff of the requirements for opposing a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

/////

/////

III. Background

This action is proceeding on the original complaint filed May 28, 2002, as to defendants Kelly, Sacks, Jaffe, Lipon, Ewing, Holliday, Stewart, Stiles, Goughnour, Walker, Guyton, Feryance, Lieber, Payne, Karde, Lucas, Rianda, Kalvelage, L'Etoile and Lankford.[1] Plaintiff alleges 17 causes of action. Original Complaint, ¶¶ 77-93.

    1. All defendants conspired to violate his constitutional rights. Id., ¶ 77.

    2. Defendant Stiles retaliated against him and violated his Eighth Amendment rights by denying his request to be transferred to Atascadero State Hospital (ASH) for treatment for his sexual mental disorder. Plaintiff alleges that defendant Stiles refused to transfer him because he was a sex offender and had recently testified against a former prison guard. Id., ¶¶ 25-27, 78.

    3. Defendants Kelly, Jaffe, Lipon and Ewing violated the Eighth Amendment by refusing to transfer plaintiff to ASH for treatment for his sexual mental disorder. Id., ¶¶ 28-24, 79.

    4. Defendants Payne, Kelly and Holliday violated the Eighth Amendment by referring to plaintiff as a snitch and sex offender in front of another inmate on August 5, 1999. Id., ¶¶ 35-37, 80.

    5. Defendants Kelly and Holliday violated the Eighth Amendment by telling him that he could not be treated for his sexual mental disorder. Id., ¶¶ 38-39, 81.

    6. Defendants Kelly and Holliday retaliated against plaintiff for requesting a transfer to ASH for mental health treatment by falsely charging plaintiff with disobeying orders on September 13, 1999. The rules violation report stated that by asking defendant Holliday for a transfer to ASH, plaintiff had violated a previous order to have no further contact with defendant Holliday. Id., ¶¶ 40-42, 82.

    7. Defendants Stewart and Holliday violated the Eighth Amendment by telling plaintiff's cellmate, from September to November 1999, that plaintiff was a sex offender and snitch. Defendants asked plaintiff's cellmate to hurt plaintiff. These threats caused plaintiff to suffer an epileptic seizure on October 3, 1999, that shattered one of plaintiff's molar teeth. Id., ¶¶ 43, 83.

    8. Defendant Holliday retaliated against plaintiff for filing a grievance against her by filing a false rules violation report against him in November 1999. As a result of this report, plaintiff lost his job. Plaintiff was later found guilty of the report. Id., ¶¶ 44-45, 51, 84.

---

[1] Defendants Sacks, Payne, Nakagawa and Diggs have been dismissed.

4

9. Defendants Payne, Guyton, Feryance, Walker and Stiles violated plaintiff's right to due process when they placed him in administrative segregation (ad seg) for being over familiar with staff which threatened the safety and security of the institution. These charges were false. While in ad seg, plaintiff's mental status fell before normal, he attempted suicide and suffered from depression. Id., ¶¶ 47-50, 85.

10. Defendants Stiles, Walker, Feryance, Ewing and Lipon retaliated against plaintiff and violated the Eighth Amendment when they refused his requests for single cell status in 1999 and early 2000 after plaintiff told them that he was threatened by his cellmates. On April 13, 2000, plaintiff's cellmate attempted to assault him. Defendants then placed plaintiff in ad seg. On April 19, 2000, plaintiff appeared before the classification committee. Defendant Feryance told plaintiff that he would remain in ad seg because he (plaintiff) stated that he would be filing grievances and complaints with the FBI. Plaintiff was released from ad seg on April 30, 2000. On May 28, 2000, plaintiff was attacked by his cellmate. Upon his release from the infirmary, defendants Stiles and Feryance put plaintiff in ad seg again. These defendants tried to place plaintiff's old cellmate in plaintiff's cell on June 27, 2000. When plaintiff refused, he was charged with refusing a cellmate. Id., ¶¶ 52-64, 86.

11. Defendant Lucas and Karde violated the Eighth Amendment in February 2000 by telling plaintiff's cellmate that plaintiff was snitch and sex offender. On April 13, 2000, the cellmate attempted to assault plaintiff. When plaintiff was later released from ad seg, these defendants continued to tell plaintiff's new cellmate "rumors" about plaintiff. On May 28, 2000, the new cellmate attacked plaintiff because of what defendants had told him. Id., ¶¶ 57, 60, 62, 87.

12. Defendant Rianda[2] violated the Eighth Amendment by not responding to his January 31, 2000, request for single cell status until August 2, 2000. Id., ¶¶ 57, 59, 64, 88.

13. Defendants Feryance, Lieber and Stiles violated plaintiff's right to due process when they placed plaintiff in ad seg on April 13, 2000, after he was assaulted by his cellmate. Defendants wrongly decided to retain plaintiff in ad seg. Id., ¶¶ 57, 89.

14. Defendants Feryance and Goughnour retaliated against plaintiff on April 19, 2000, when they told him that he would not be released from ad seg after he told them that he would be filing a complaint with Internal Affairs and the FBI. Id., ¶¶ 58, 90.

15. Defendants Stiles, Lieber and Feryance violated the Eighth Amendment in May 2000 when they placed him in ad seg after the May 28, 2000, assault by his

---

[2] Plaintiff states that this claim is made against a defendant Norabyke. However, no defendant Norabyke is listed in the caption of the complaint nor in the section of the complaint where plaintiff lists the defendants. For that reason, no defendant Norabyke has been served. Because plaintiff did not clearly list Norabyke as a defendant, the court will disregard all claims against this defendant.

5

cellmate. Id., ¶¶ 62, 91.

16. Defendants Feryance and Goughnour violated plaintiff's right to due process on June 7, 2000, when they refused to release plaintiff from ad seg. Id., ¶¶ 63, 92.

17. Defendants Kalvelage, L'Etoile and Lankford retaliated against plaintiff and violated the Eighth Amendment and his right to due process. Plaintiff told prison officials that he was assaulted by his known enemy, inmate Manago. After an investigation, plaintiff was charged with falsely reporting that he had been assaulted. The classification committee recommended to the Departmental Review Board, of which defendants were members, that plaintiff be transferred to the general population at Mule Creek State Prison. Defendants instead imposed a 12 month indeterminate term at the Corcoran Security Housing Unit (SHU).

Plaintiff moves for partial summary judgment as to claim 12. Defendants move for partial summary judgment as to claims 1, 2, 3, 4, 5, 6, 7, 8, 12 and 17.

IV. Discussion

Defendants originally did not file a summary judgment motion. Therefore, this action was set to proceed to trial on all seventeen claims raised in the original complaint. Following the February 25, 2008, further trial confirmation, the Honorable Lawrence K. Karlton found that appointment of counsel for plaintiff was warranted. On March 6, 2008, the court appointed counsel, David Springfield, to represent plaintiff. On May 19, 2008, counsel for plaintiff and defendants filed a status report stating that the issues for trial could be narrowed by summary judgment motions. Accordingly, on June 2, 2008, this court issued a scheduling order setting forth the time for filing dispositive motions. On October 1, 2008, plaintiff himself filed a motion for partial summary judgment as to the claims against defendant Rianda only. On October 15, 2008, defendants filed a motion for partial summary judgment.

On October 20, 2008, plaintiff's counsel filed a motion to withdraw due to unspecified "significant circumstances." On October 27, 2008, defendants filed a statement of non-opposition to this motion. On December 3, 2008, plaintiff filed an opposition. In his opposition, plaintiff stated that he did not have a "personality clash" with his lawyer, although he believed that counsel was inexperienced, overwhelmed and not up to speed. Plaintiff also stated that his opposition to the motion to withdraw was prepared after consulting with jailhouse

lawyer, W. Berry.

On December 12, 2008, the court granted counsel's motion to withdraw. The court ordered defendants to serve plaintiff with their summary judgment motion within five days. The court ordered plaintiff to file his opposition to defendants' motion within thirty days. The court ordered defendants to file their opposition to plaintiff's summary judgment motion within thirty days.

After being granted an extension of time, defendants' filed their opposition to plaintiff's motion on January 28, 2009.

On February 4, 2009, plaintiff filed his opposition. Plaintiff did not address the merits of defendants' motion. Rather, he argued that defendants' motion should be vacated because he did not consent to former counsel's agreement to permit the filing of the motion.

On February 9, 2009, the court issued an order stating that defendants' summary judgment motion was submitted for decision and that plaintiff could not file any other papers regarding the motion unless directed by the court. In making this order, the court observed that plaintiff was a very frequent, sophisticated litigator well known to the undersigned. The court observed that it had not directed plaintiff to file what was, in essence, a motion to strike defendants' summary judgment motion, or authorize plaintiff to unilaterally choose, in his discretion, to file piecemeal opposition.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

/////

1   For the reasons stated in the February 9, 2009, order, this court now finds that
2   plaintiff has failed to oppose defendants' summary judgement motion. Based on plaintiff's
3   failure to file an opposition, the court concludes that plaintiff has consented to defendants'
4   motion for summary judgment. In the alternative, the court has reviewed the record and finds
5   that defendants' motion has merit. The only claim warranting further discussion is claim 12
6   against defendant Rianda, on which plaintiff has moved for summary judgment.

7   Plaintiff alleges that defendant Rianda violated the Eighth Amendment by not
8   responding to his January 31, 2000, grievance requesting single cell status until August 2, 2000.
9   In his summary judgment motion, plaintiff refers to exhibits E and F as evidence of his letter to
10  defendant Rianda and her response. Exhibit E is a letter from plaintiff addressed to Linda
11  Melching, Chief of Inmate Appeals, dated April 2, 2000. In this letter, plaintiff seeks
12  information regarding the appeal he sent to Melching's office on January 31, 2000. Exhibit F is a
13  form sent to plaintiff on April 10, 2000, from Linda Melching stating that his appeal has been
14  received but not yet completed.

15  In their opposition to plaintiff's motion, defendants first argue that the motion is
16  untimely. The June 2, 2008, scheduling order stated that all summary judgment motions were to
17  be filed on or before September 1, 2008. At the time the court issued the scheduling order,
18  plaintiff was represented by counsel. Because the court allowed counsel to withdraw, the court
19  will deem plaintiff's motion timely filed.

20  Defendants go on to argue that there is no evidence that defendant Rianda was
21  involved in the allegedly untimely response to plaintiff's grievance. Defendants refer to the same
22  exhibits identified by plaintiff in his motion demonstrating that Linda Melching, and not
23  defendant Rianda, responded to plaintiff's grievance. Defendants also refer to defendant
24  Rianda's declaration attached as an exhibit to their summary judgment motion. In this
25  declaration defendant Rianda states she worked as the Chief of the Inmate Appeals Branch from
26  July 2001 to July 2002. She states that plaintiff's grievance was submitted and decided before

she was the Chief of the Inmate Appeals Branch.

Because the evidence clearly demonstrates that defendant Rianda had no involvement in the allegedly untimely denial of plaintiff's at-issue grievance, the court recommends that plaintiff's summary judgment motion be denied and defendants' summary judgment motion be granted as to this claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for partial summary judgment (no. 165) be denied;

2. Defendants' motion for partial summary judgment (no. 170) be granted; claims 1, 2, 3, 4, 5, 6, 7, 8, 12 and 17 should be dismissed; this action should proceed to trial as to claims 9, 10, 11, 13, 14, 15, and 16.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/19/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

fun1157.sj