UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | No. 2:02-cv-01157-AK |
| Plaintiff, | |
| v. | |
| KAREN KELLY, et al., | ORDER |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Funtanilla's amended motion for joinder (docket entry 207) is granted.[1] Funtanilla seeks to add Linda L. Melching because he recently learned that he sued the wrong Lebowski. Linda L. Melching—not Linda L. Rianda—is the former Chief of the Inmate Appeals Board who he claims violated the Eighth Amendment by failing to grant him single-cell status. Rianda became the chief shortly before Funtanilla filed his complaint. Leave to amend the pleadings and join a new party

---

[1]The procedural history of this case has been discussed at length in Magistrate Judge Hollows's well-reasoned orders. See Funtanilla v. Kelly, No. CIV S-02-1157 LKK GGH P., 2009 WL 735389 (E.D. Cal. Mar. 19, 2009); Funtanilla v. Kelly, No. CIV S-02-1157 LKK GGH P., 2006 WL 2583668 (E.D. Cal. Sept. 7, 2006).

is routinely granted "when a pro se litigant alleges a cause of action which omits an obvious defendant." Wilborn v. Escalderon, 789 F.2d 1328, 1332 (9th Cir. 1986). In such cases, "the district court should direct or advise amendment of the pleadings to bring that defendant before the court." Id. Funtanilla's error in this case was obvious. And, contrary to defendants' argument, they should suffer no prejudice from the joinder since they knew from Funtanilla's complaint that he was suing in part based on actions taken by the Chief of the Inmate Appeals Board in 2000.

Funtanilla's two motions for reconsideration of the order granting partial summary judgment to defendants Kalvelage, L'Etoile and Lankford (docket entries 222 and 227) are denied. Funtanilla argues in his first motion that the court violated the law of the case doctrine by granting the three defendants' motion for summary judgment after denying his motion for partial summary judgment against them three years earlier. Even were there some inconsistency between the two rulings, Funtanilla's argument misapplies the law of the case doctrine. The doctrine generally precludes a court "from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation marks omitted). But it doesn't apply to interlocutory orders denying summary judgment

because those are "subject to reconsideration by the court at any time."  Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79–80 (9th Cir. 1979) (internal quotation marks omitted); see City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001).  Therefore, the order denying Funtanilla's motion for partial summary judgment wasn't law of the case.

Funtanilla's second motion for reconsideration is equally meritless.  He claims that Kalvelage, L'Etoile and Lankford never moved for summary judgment on the due process claim against them.  This is patently untrue.  Their motion for partial summary judgment (docket entry 170) states that "Funtanilla was not . . . deprived of due process of law."  Their supporting memorandum presented legal and factual arguments supporting their contention that "Kalvelage, L'Etoile, and Lankford did not violate Funtanilla's rights to due process of law."  Defendants therefore carried out their "initial responsibility" of informing the court of the basis for their motion and identifying those portions of the pleadings and record which they believe demonstrate the absence of a genuine issue of material fact.  Celotex v. Catrett, 477 U.S. 317, 323 (1986).

*  *  *

Funtanilla's amended motion for joinder is GRANTED.  His motions for

page 4

reconsideration of the order granting partial summary judgment to Kalvelage, L'Etoile and Lankford are DENIED.

The Clerk of Court is directed to issue and send to Funtanilla a summons for Linda L. Melching.  Funtanilla shall complete service of process on Melching within sixty days from the date of this order.  Melching shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

April 9, 2013

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation
28 U.S.C. § 291(b)